U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 9 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BERNAL AGUILAR, <br>     Plaintiff | CIVIL ACTION <br> SECTION "P" <br> NO. 1:14-CV-03476 |
| VERSUS | |
| LA. DEPT. OF CORRECTIONS, <br> et al., <br>     Defendants | JUDGE DEE D. DRELL <br> MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a verified civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Bernal Aguilar ("Aguilar") on December 17, 2014 (Docs. 1, 8)[1] and amended on March 9, 2015 (Doc. 11). The named defendants are James LeBlanc (Secretary of the Louisiana Department of Public Safety and Corrections), Nathan Cain (warden of the Avoyelles Correctional Center in Cottonport, Louisiana ("ACC")), Sandra Sibley (director of nursing at ACC), and Dr. George Smith (a medical doctor employed at ACC). Aguilar contends that, while he was incarcerated in ACC in 2014 and 2015, he was denied medical care (surgery and medication) for his umbilical hernia, anorectal hemorrhoids, bleeding polyps, seizures, and anemia (Docs. 1, 11). For relief, Aguilar asks for monetary damages and his prescribed surgeries and medications.

---

[1] This case was originally filed in the Eastern District of Louisiana and transferred to the Western District of Louisiana on December 18, 2014 (Doc. 4).

Defendants filed a motion to dismiss Aguilar's complaint due to his failure to exhaust his administrative remedies, failure to state a claim on which relief may be granted, and Eleventh Amendment immunity (Doc. 19), to which Aguilar filed a response (Doc. 21). Defendants' motion to dismiss is now before the court for disposition.

Motion to Dismiss

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. <u>Crowe v. Henry</u>, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Hirras v. National Railroad Passenger Corp.</u>, 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); <u>Doe</u>, 753 F.2d at 1102. For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. <u>Doe v. U.S. Dept. of Justice</u>, 753 F.2d 1092, 1101 (D.C.Cir. 1985). It is presumed that general allegations embrace the specific facts that are necessary to support the claim. <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249,

114 S.Ct. 798, 803 (1994), citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

<u>Exhaustion</u>

Defendants contend that Aguilar has not exhausted his administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). <u>Jones v. Bock</u>, 549 U.S. 199, 211, 237 S.Ct. 910, 918-919 (2007). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies. <u>Booth v. Churner</u>, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter v. Nussle</u>, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Resort to a prison grievance process must precede resort to a court. <u>Porter</u>, 534 U.S. at 529, 122 S.Ct. at 990. Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact. <u>Dillon v. Rogers</u>, 596 F.3d 260, 266 (5th Cir. 2010), citing <u>Carty v. Thaler</u>, 583 F.3d 244, 252 (5th Cir. 2009), cert. den., 559 U.S. 1106, 130 S.Ct. 2402 (2010).

Since exhaustion is an affirmative defense, the burden is on

the defendants to demonstrate that the plaintiff failed to exhaust available administrative remedies. Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910 (2007). Defendants must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor. Dillon, 596 F.3d at 266, citing Martin v. Alamo Community College District, 353 F.3d 409, 412 (5th Cir. 2003).

In the case at bar, the defendants argue that Aguilar has failed to prove that he exhausted his administrative remedies. However, defendants have the burden of proof. Defendants must prove that Aguilar did not exhaust his administrative remedies.

Since defendants have failed to submit affidavits, copies of grievances, or other forms of evidence to show that Aguilar did not exhaust his administrative remedies, defendants' motion to dismiss should be denied on this issue.

Warden Cain and Secretary LeBlanc in their Official Capacities

Aguilar did not specify whether he is suing the defendants in their official or individual capacities. Defendants contend that Aguilar cannot sue Warden Cain in his official capacity because he has Eleventh Amendment immunity.

The Eleventh Amendment bars suit against a state official when the state is the real substantial party in interest, and the State of Louisiana has not waived her immunity under the Eleventh Amendment from suit in federal court. La.R.S. 13:5106; Anderson v.

Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985). See also, Loya v. Texas Dept. of Corrections, 878 F.2d 860 (5th Cir. 1989). An official capacity suit against a state officer is not a suit against the official but rather against the official's office. As such it is no different from a suit against the state itself. Neither a state nor its officers acting in their official capacities are "persons" under §1983. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 258, 362, (1991). Also, Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989); Voisin's Oyster House v. Guidry, 799 F.2d 783, 788 (5th Cir. 1986). However, in Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441 (1908), the Supreme Court made an exception to the Eleventh Amendment. To meet te Ex Parte Young exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect. Aguilar, 160 F.3d at 1054.

Eleventh Amendment immunity extends to state agencies that act as arms of the state. The Louisiana Department of Public Safety and Corrections is a department of the executive branch of the state, La. R.S. 36:4, and thus an agency of the state of Louisiana which has Eleventh Amendment immunity from suit in federal court. Jackson v. Department of Public Safety for State of Louisiana, 675 F.Supp. 1025, 1026 (M.D. La. 1985); Anderson v. Phelps, 655 F.Supp.

560, 563-64 (M.D. La. 1985).

Warden Cain is warden of the Avoyelles Correctional Center, which is a owned and managed by the Louisiana Department of Public Safety and Corrections.[2] Therefore, Warden Cain, as a state officer, has Eleventh Amendment immunity from Aguilar's claim for monetary damages in his official capacity. See Lain v. Louisiana, 78 F.3d 581 (5th Cir. 1996). Secretary LeBlanc is also an officer of the State of Louisiana and, as such, is entitled to absolute immunity from Aguilar's claim for monetary damages in his official capacity.

To the extent that Aguilar asks for prospective injunctive relief or a declaratory judgment, neither Warden Cain nor Secretary LeBlanc are immune from his suit in their official capacities.

Individual Capacity Claims against Cain and LeBlanc

Defendants also argue that Aguilar's complaint against Warden Cain in his individual capacity should be dismissed for failure to state a claim oh which relief may be granted. Aguilar alleges the defendants denied him medical care for his serious medical needs.

When the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs, e.g., food, clothing, shelter, medical care, and

---

[2] See http://www.doc.la.gov/pages/correctional-facilities/avoyelles-correctional-center/.

6

reasonable safety, it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause. The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf. Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996), and cases cited therein. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Among unnecessary and wanton inflictions of pain are those that are totally without penological justification. In making this determination in the context of prison conditions, a court must ascertain whether the officials involved acted with deliberate indifference to the inmates' health or safety. We may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious. Hope v. Pelzer, 536 U.S. 730, 737-738, 122 S.Ct. 2508, 2514-2515 (2002), and cases cited therein.

Under the Eighth Amendment, a lack of proper inmate medical care can be "cruel and unusual punishment" only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976). The Supreme Court defined "deliberate indifference" as "subjective recklessness," or in other words a conscious disregard of a substantial risk of serious harm. Farmer v. Brennan, 511 U.S.

825, 114 S.Ct. 1970, 1980 (1994). Because an inadvertent failure to provide adequate medical treatment does not violate the Eighth Amendment, deliberate indifference does not include a complaint that a physician has been negligent in diagnosing or treating a medical condition. Estelle, 97 S.Ct. at 291. Disagreement with medical treatment also does not state a claim for Eighth Amendment indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. An official's failure to alleviate a significant risk that he should have perceived but did not, while not cause for commendation, cannot under our cases be condemned as the infliction of punishment. Farmer, 114 S.Ct. at 1979. See also, Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999).

Defendants argue that Aguilar has not made any specific allegations concerning denial of medical care which involve Warden Cain and that Warden Cain cannot be held solely liable in his supervisory capacity.

The doctrine of respondeat superior, which makes an employer

or supervisor liable for an employee's alleged tort, is unavailable in suits under 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Well settled §1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. den., 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Thompkins, 828 F.2d at 303.

Aguilar contends that surgeries to repair his hernia and bleeding polyps were recommended for him at the University Hospital while he was housed at Jefferson Parish Correctional Center, and at the E.A. Conway Hospital in 2014, but that ACC has refused to provide the surgeries. Aguilar further alleges that, in September 2014, a colonoscopy and lab tests at Angola State Penitentiary showed that Aguilar has an anorectal fissure and bleeding colonic polyps, and surgical repair, excision and a specific diet were recommended (Doc. 11). Aguilar contends he was told at ACC that his polyps would probably close in time and that he would not be given the hernia repair surgery (Doc. 11). Aguilar further alleges that, prior to his incarceration, he was diagnosed by a neurologist with an encephalic mass which causes pressure in his skull and

results in seizures. Aguilar contends he was taking Neurontin for his encephalic mass and seizures, but that medication was discontinued at ACC.

Aguilar contends that all of his medications have been discontinued at ACC. Aguilar alleges that Dr. Smith told him that his medications were being discontinued because the ACC administration ordered the doctor to discontinue medications for all offenders due to cost, a drug problem at ACC, and substance abuse problems at ACC (Doc. 11). Aguilar contends that his fish oil, Gabapantin 600 mg., Crestor, Lizinopril, Ibuprofen 800 mg., and Neurontin were all discontinued (Doc. 11).

Aguilar alleges that the ACC "administration" implemented policies to reduce medical expenses by discontinuing medications which the doctor carried out, thereby denying Aguilar medical care for his serious medical needs. Assuming that Aguilar's general allegations embrace the specific facts that are necessary to support his claims and that Aguilar will be able to show that Warden Cain, as the head of the ACC administration, implemented medical cost-cutting measures which resulted in the denial of medical care for Aguilar's serious medical needs, Aguilar has stated a claim against Warden Cain in his individual capacity. Therefore, defendants' motion to dismiss the complaint against Warden Cain in his individual capacity should be denied.

However, Aguilar has not made any specific or general

allegations which involve Secretary LeBlanc. Aguilar has not alleged or offered any proof of any acts or omissions of Secretary LeBlanc or any unconstitutional policies implemented by LeBlanc which have deprived LeBlanc of his constitutional rights. Therefore, Aguilar's action against Secretary LeBlanc in his individual capacity should be dismissed.

Qualified Immunity

Finally, defendants contend that Warden Cain is entitled to qualified immunity in his individual capacity.

The defense of qualified immunity may be considered on a motion to dismiss. In order to survive a motion to dismiss, a plaintiff's allegations must portray an objectively unreasonable violation of a clearly established right. Warnock v. Pecos Cty., 116 F.3d 776, 779 (5th Cir. 1997), citing Seigert v. Gilley, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793 (1991).

The first inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation. Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2513 (2002). If it is established that the defendants participated in constitutionally impermissible conduct, the defendants may nevertheless be shielded from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Hope, 122 S.Ct. at 2515. For a constitutional

right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. In the light of pre-existing law, the unlawfulness must be apparent. However, officials can be on notice that their conduct violates established law even in novel factual circumstances. The salient question the court must ask is whether the state of the law at the time of the alleged incident gave the officers fair warning that their alleged conduct was unconstitutional. Hope, 122 S.Ct. at 2516.

In other words, the threshold question is whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right. Keenan v. Tejada, 290 F.3d 252, 261 (5th Cir. 2002), citing Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151 (2001). Thus, if the pleadings on their face show an unreasonable violation of a clearly establish constitutional right, the defense of qualified immunity will not sustain a motion to dismiss under Rule 12(b)(6). Shipp v. McMahon, 234 F.3d 907, 911-912 (5th Cir.), cert. den., 532 U.S. 1052, 121 S.Ct. 2193 (2001). Also, Woods, 60 F.3d at 1164.

Aguilar contends he has bleeding polyps, an anorectal fissure, and an encaphalic mass which creates pressure in his skull and results in seizures. Aguilar's allegations, taken in the light most favorable to Aguilar, show that he has been denied recommended

and necessary medical procedures and medications for several serious medical needs in an effort by ACC administration (which includes Warden Cain) to cut medical costs. Therefore, Aguilar's pleadings demonstrate an unreasonable violation of his clearly established constitutional right to medical care for his serious medical needs by Warden Cain. Defendants' motion to dismiss should be denied on this issue, also.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss (Doc. 19) be GRANTED IN PART and DENIED IN PART, to wit:

IT IS RECOMMENDED that Aguilar's claim for monetary damages against Warden Cain and Secretary LeBlanc in their official capacities be DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED defendants' motion to dismiss (Doc. 19) Aguilar's claims for a declaratory judgment and/or prospective injunctive relief against Warden Cain and Secretary LeBlanc in their official capacities be DENIED.

IT IS ALSO RECOMMENDED that defendants' motion to dismiss (Doc. 19) Aguilar's complaint against Secretary LeBlanc in his individual capacity be DENIED AND DISMISSED WITH PREJUDICE.

IT IS ALSO RECOMMENDED that defendants' motion to dismiss (Doc. 19) Aguilar's complaint against Warden Cain in his individual capacity be DENIED.

IT IS ALSO RECOMMENDED that defendants' motion to dismiss Aguilar's complaint for lack of exhaustion (Doc. 19) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of December 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE