U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 17 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BERNAL AGUILAR, Plaintiff | CIVIL ACTION NO. 1:14-CV-03476; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| LA DEPT. OF CORRECTIONS, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Bernal Aguilar ("Aguilar") on December 17, 2014 (Doc. 1) and amended on March 9, 2015. (Doc. 11). Aguilar names as defendants: the Louisiana Department of Corrections, James LeBlanc, secretary of the Louisiana Department of Public Safety and Corrections; Nathan Cain, warden of the Avoyelles Correctional Center ("ACC"); Dr. George Smith, a medical doctor employed at ACC; and Sandra Sibley, director of nursing at ACC (collectively, "Defendants"). (Doc. 1).

Aguilar is currently incarcerated at ACC. Aguilar contends that he was denied medical care — specifically medications and surgery, for his umbilical hernia, anorectal hemorrhoids, bleeding polyps, seizures, and anemia. (Docs. 1, 11). Aguilar seeks monetary damages and his prescribed surgeries and medications. (Doc. 1).

Aguilar filed a Motion for Summary Judgment on January 20, 2016. (Doc. 26). Defendants filed a Memorandum in Opposition to Plaintiff's Motion for Summary Judgment on February 17, 2016. (Doc. 30).

Discussion

Per the Court's April 8, 2015 Memorandum Order, the parties have sixty days following the filing of an answer to complete all appropriate discovery. (Doc. 12). The Order continues also states: "Thereafter, and not before, if deemed appropriate, Plaintiff or Defendants may file a motion for summary judgment within thirty (30) days of the end of discovery, to include material and relevant affidavits, certified records, interrogatories and answers, admissions and depositions, if any, and a supporting memorandum brief." (Doc. 12). If a party files a motion for summary judgment before an answer has been filed or before the time for discovery has elapsed, the motion for summary judgment will be summarily denied or stricken. (Doc. 12).

Aguilar filed his Motion for Summary Judgment on January 20, 2016. (Doc. 26). Defendants filed their Answer on March 29, 2016. (Doc. 33). Therefore, Aguilar's Motion for Summary Judgment was filed before Defendants' Answer was filed and before the time for discovery had elapsed. As per the Court's April 8, 2015 Memorandum Order, the motion should be denied.

Furthermore, even if Aguilar's Motion for Summary Judgment had not been premature, it is without merit. Summary judgement is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including

2

those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c). Aguilar's motion contained neither references to evidence in the record, nor arguments that would establish Plaintiff's entitlement to summary judgment. Therefore, the Court cannot grant Aguilar's motion even had it been timely.

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Plaintiff's Motion for Summary Judgment (Doc. 26) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time authorized by Fed.R.Civ.P. 6(b),

shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 17ᵗʰ day of August, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge